| AO 10<br>Rev. 1/2012 | FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2011 | *Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111)* |
|---|---|---|

| 1. Person Reporting (last name, first, middle initial)<br><br>HANSEN, David R. | 2. Court or Organization<br><br>U.S. Court of Appeals-8th Circuit | 3. Date of Report<br><br>05/08/2012 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>    magistrate judges indicate full- or part-time)<br><br>United States Circuit Judge - Senior Status | 5a. Report Type (check appropriate type)<br><br>☐ Nomination    Date<br>☐ Initial  ☑ Annual  ☐ Final<br><br>5b. ☐  Amended Report | 6. Reporting Period<br><br>01/01/2011<br>to<br>12/31/2011 |
| 7. Chambers or Office Address<br><br>NONE - I became an inactive senior judge on 4/30/2011 and gave up my chambers and my staff. | | |

> *IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts,*
> *checking the NONE box for each part where you have no reportable information. Insert signature on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐  NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Partner in Farm Rental-Partnership- See attached letter of explanation | Iowa Falls, IA |
| 2. | Junior Warden - Saint Matthew's Episcopal Church | |
| 3. | | |
| 4. | | |
| 5. | | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐  NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 3/1/71 | Hansen and Lindsay 50-50- Farm Rental Partnership |
| 2. | | |
| 3. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| HANSEN, David R. | 05/08/2012 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑  NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☑  NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑  NONE *(No reportable reimbursements.)*

| SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| HANSEN, David R. | 05/08/2012 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

[✓] NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

[✓] NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| HANSEN, David R. | 05/08/2012 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Shares-Templeton Growth Fund, Inc. | A | Dividend | J | T | Buy | 12/09/11 | J | | |
| 2. Units Consolidated Capital Limited Partnership (Y) | | | | | | | | | See Part VIII |
| 3. One-half interest 120-acre farm Hardin County, Iowa | D | Rent | N | W | | | | | See Part VIII |
| 4. Rental Duplex-Iowa Falls IA Sold 2005- reported 2005 report | | | | | | | | | |
| 5. Principal Life Insurance Policies Cash Surrender Values | B | Dividend | K | T | | | | | |
| 6. Certificate of Deposit, Mt. Vernon Bank, Mt. Vernon, Iowa | A | Interest | J | T | | | | | |
| 7. Savings Account Mt. Vernon Bank, Mt. Vernon, Iowa | A | Interest | J | T | | | | | |
| 8. Savings Account Mt. Vernon Bank, Mt. Vernon, Iowa | A | Interest | L | T | | | | | |
| 9. PrinFinGrpStock issued on demutualization | A | Dividend | K | T | | | | | |
| 10. Lutheran Brhd Life Insur policies cash surrender values | D | Dividend | M | T | | | | | |
| 11. Amerus (now Aviva) Life Insur Policy - cash surrender value | A | Dividend | J | T | | | | | |
| 12. Real Estate Contract (Sale of Rental Duplex Item 4 above) | | | | | | | | | See Part VIII |
| 13. | | | | | | | | | |
| 14. | | | | | | | | | |
| 15. | | | | | | | | | |
| 16. | | | | | | | | | |
| 17. | | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part VII, Item 2 - Partnership terminated 12/31/09

Part VII, Item 3 - Iowa farm land values have increased dramatically in the last two years. Iowa State University's Extension and Outreach Service, a respected and reliable source, reported that on November 1, 2011, medium grade farmland in Hardin County, Iowa, had a value of $7,029 per acre. Because my farm has both tillable ground and pasture land, I have used the $7,029 per acre for the tillable ground and a lesser figure for the pasture land and adjusted the result to reflect my fractional interest. The 100% assessed valuation for real estate taxes is $173,000.

Part VII, Item 12 - Final payment on contract received 10/2010 and reported on 2010 Report.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ David R. HANSEN**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

F
COPY

May 4, 1990

CHAMBERS OF
JUDGE DAVID R. HANSEN

Honorable John H. Pratt
Chairman, Judicial Ethics Committee
Judiciary Conference of the United States
811 Vermont Ave., N.W.
Washington, D.C.  20544

     Re:  WIN-GIN Farms

Dear Judge Pratt:

     Your letter of April 6, 1990 is received.

     In 1971, while a practicing lawyer in Iowa Falls, Iowa, I purchased as an investment an undivided one-half interest in a 120 acre Iowa farm.  The other undivided half interest is owned by ██████████████████. In order to jointly manage our undivided interests, ███████████ and I formed a 50-50 partnership we call WIN-GIN Farms which is a passive conduit which receives the cash rent from the farm, pays the insurance, taxes, and repairs, and passes through the net rental income to each of us equally.  The partnership does not own the real estate.  We do not farm the ground but have always rented it for cash rent to long time farmer tenants.  WIN-GIN Farms produces no crops, raises no livestock, and sells no products.  It is the management device by which ███████████ and I have chosen to efficiently manage our equal but undivided interests in the real estate.  We both do the occasional weekend small repairs such as fixing fence and painting which are required to maintain the property and I prepare the annual Federal and Iowa state income tax returns for the partnership and see to their filing.  The total gross income from the rents last year was $8,100 and after expenses we netted about $6,000 that was split equally between us.

Honorable John H. Pratt
Page 2
May 4, 1990


    I fully disclosed the nature of this investment at the time of my confirmation hearing, and have reported it on each and all of the financial disclosure reports I have filed. In the fourteen years I have been a trial judge subject to the Code of Conduct, no person has suggested any impropriety in my relationship with ██████████ or WIN-GIN Farms.

    WIN-GIN Farms is not a "business" -- it is a vehicle by which I manage my investment in the farm. If I owned the whole of the farm as an investment and rented it out for cash, I would be doing the very same functions I do with ████████ through WIN-GIN Farms.

    Canon 5(c)(2) provides in part that "a judge may hold and manage investments, including real estate, . . . . but should not serve as an officer, director, active partner, manager, advisor, or employee of any business." Since this partnership is a conduit for rent and is not engaged in any "business," including farming, I believe it is fundamentally different from the closely held small business corporation in Advisory Opinion No. 10, and from the proscribed personal management or operation of a farm or ranch explained in Advisory Opinion No. 30.

    I hope this information is helpful to the Committee as it reviews my Financial Disclosure Report.

Respectfully yours,

David R. Hansen